## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUSTIN BOND, as Personal Representative of )<br>the Estate of BRAD LANE, Deceased, )<br> )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>OKLAHOMA COUNTY CRIMINAL )<br>JUSTICE AUTHORITY, et al., )<br> )<br>   Defendants. ) | Case No. CIV-23-05-D |

## ORDER

Defendant Oklahoma County Criminal Justice Authority brings before the Court a Motion to Dismiss [Doc. No. 10] contending it should be dismissed from this action pursuant to FED. R. CIV. P. 12(b)(6) because it is not an entity capable of being sued and the allegations fail to state a plausible claim. Plaintiff has filed a Response in Opposition [Doc. No. 13] and the matter is now at issue.

## BACKGROUND

Brad Lane was beaten to death by his cellmate while housed at the Oklahoma Detention Center as a pretrial detainee. The beating lasted approximately forty minutes. Compl. [Doc. No. 1] ¶ 40. Although Mr. Lane repeatedly screamed for help, there were no detention officers on the floor to come to his aid. *Id.* at ¶¶ 13-21. Another inmate who heard Mr. Lane's screams used a phone in his cell to call the jail medical staff, but no one answered. *Id.* Mr. Lane was unresponsive by the time a detention officer finally arrived on the scene. *Id.* at ¶ 21. He was subsequently pronounced dead. *Id.* at ¶ 24.

The Complaint, brought by Mr. Lane's estate, maintains that the detention officer failed to protect Mr. Lane by leaving his section of the jail unsupervised for an extended period and attributes those actions to a long-standing custom of understaffing and inadequately supervising the jail. *Id.* at ¶¶ 31, 32, 38 50. Defendant Oklahoma County Criminal Justice Authority ("OCCJA"), a public trust created by the Board of County Commissioners to assist Oklahoma County in operating the jail, has allegedly been aware of serious deficiencies at the jail since at least 2008 when the U.S. Department of Justice generated a report finding that the jail had inadequate supervision, inadequate staffing, and excessive inmate violence due to overcrowding. *Id.* at ¶¶ 2, 39-44. The Complaint further alleges that the OCCJA failed to remedy these problems. *Id.* at ¶¶ 46-51, 57-60, 64.

Relying on these allegations, Plaintiff filed suit under 42 U.S.C. § 1983 claiming the OCCJA, the Oklahoma County Board of County Commissioners, and an individual detention officer failed to protect Mr. Lane from harm in violation of the Fourteenth Amendment. The OCCJA seeks dismissal of this claim on two grounds: first, it contends that it is not an entity capable of being sued. Second, it argues that Plaintiff has failed to plead a plausible claim for relief.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement...showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under this standard, a complaint needs "more than labels and conclusions," but it "does not need detailed factual allegations." *Twombly*,

550 U.S. at 555 (internal citation omitted). Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At the pleading stage, the Court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

## DISCUSSION

### A.    Capacity to be Sued

Federal Rule of Civil Procedure 17(b)(3) provides that a defendant's capacity to sue or be sued is determined "by the law of the state where the court is located." Under Oklahoma law, "any person, corporation, partnership, or unincorporated association shall have capacity to sue or be sued in this state." Okla. Stat. tit. 12, § 2017(B). Relying on this statute, the OCCJA argues that it lacks the capacity to be sued because it is not a person, corporation, partnership, or unincorporated association. Rather, as a public trust created by the Board of County Commissioners, the OCCJA contends that it is an agency of Oklahoma County (at least for the purposes of liability) and the County is therefore the proper defendant.[1]

---

[1] The County, however, argues the claim should be brought against the OCCJA. *See* Defendant Board of County Commissioners of Oklahoma County's Answer to Complaint [Doc. No. 6] ¶¶ 12, 23, 25, 28 and Additional Defenses ¶¶ 1, 4. This mutual finger-pointing

Although § 2017(B) identifies certain entities that have the capacity to be sued, the OCCJA cites no conclusive authority establishing that a public trust does not also have the capacity to be sued. Numerous courts have entertained claims by and against a public trust, including § 1983 claims against a jail trust. *See Rife v. Oklahoma Dep't of Pub. Safety,* 854 F.3d 637, 641 (10th Cir. 2017) (resolving a § 1983 municipal liability claim against a jail trust); *Folts v. Grady Cnty. Bd. of Cnty. Commissioners,* No. CIV-15-00996-JD, 2021 WL 1224915, at *2 (W.D. Okla. Mar. 31, 2021) (resolving a § 1983 municipal liability claim against both the Board of County Commissioners and the jail trust); *Taylor v. Comanche Cnty. Facilities Auth.*, No. CIV-18-55-G, 2020 WL 6991010, at *1 (W.D. Okla. Nov. 25, 2020) (resolving § 1983 claims against a jail trust); *Hill v. Okmulgee Cnty. Crim. Just. Auth.*, No. CIV-18-394-SPS, 2019 WL 11000375, at *2 (E.D. Okla. Apr. 18, 2019) (finding that the Board of County Commissioners could be separately liable for § 1983 claims brought against Board and jail trust); *Chichakli v. Samuels*, No. CIV-15-687-D, 2016 WL 2743542, at *4 (W.D. Okla. May 11, 2016) (declining to dismiss § 1983 claim against the County where the jail trust was also a defendant);[2] *Myers v. Leflore Cnty. Det. Ctr. Pub. Tr.*, No. CIV. 07-223-FHS, 2009 WL 87599, at *7 (E.D. Okla. Jan. 12, 2009), aff'd sub

---

further suggests that it would be inappropriate at this stage to rule as a matter of law that the OCCJA is not a proper defendant.

[2] The OCCJA is mistaken in its belief that *Chichakli* involves an analogous situation that supports its argument. *Chichakli* involved official capacity claims against the director of the Grady County Criminal Justice Authority and a Grady County Commissioner. *Chichakli*, 2016 WL 2743542, at *1. The County moved for dismissal of the § 1983 claims, arguing that it could not be held liable because the jail trust was responsible for operating the jail. *Id.* at * 4. Recognizing that the jail trust is a distinct legal entity, this Court declined to dismiss the County. *Id.* Thus, both the County and the jail trust remained as defendants. *Id.*

nom. *Myers v. James*, 344 F. App'x 457 (10th Cir. 2009) (finding that the jail trust was the appropriate defendant for a § 1983 municipal liability claim); *Lee v. Wyatt*, No. CIV-07-773-W, 2009 WL 3401277, at *6 (W.D. Okla. Oct. 21, 2009), aff'd, 382 F. App'x 697 (10th Cir. 2010) (finding that a jail trust "is a governmental entity for purposes of a 42 U.S.C. § 1983 action because it was created under Oklahoma law as a public trust"); *see also Oklahoma City Zoological Tr. v. State ex rel. Pub. Emps. Rels. Bd.*, 158 P.3d 461, 463 (Okla. 2007); *Lawson v. Sequoyah Cnty. 911 Tr. Auth.*, 521 P.3d 827, 828 (Okla. Civ. App. 2022). Further, as even the OCCJA concedes, a public trust is presumed to be a separate and distinct legal entity under Oklahoma law. Okla. Stat. Ann. tit. 60, § 176.1(A)(2); Def.'s Br. at 4 ("…the OCCJA is a distinct legal entity from Oklahoma County…").

Accordingly, the Court is not persuaded that it would be appropriate to dismiss the OCCJA at this stage of the proceedings.

## B.    Failure to State a Claim

The Complaint asserts a single cause of action contending that the OCCJA (and the other defendants) violated Mr. Lane's rights under the Fourteenth Amendment by failing to protect him from harm or provide adequate conditions of confinement. The OCCJA contends the allegations fail to state a plausible municipal liability claim under the Fourteenth Amendment.[3]

---

[3] As a pretrial detainee, Mr. Lane's constitutional rights were protected under the Due Process Clause of the Fourteenth Amendment. *Turner v. Oklahoma Cnty. Bd. of Cnty. Commissioners*, 804 F. App'x 921, 925 (10th Cir. 2020) (unpublished). In evaluating this claim, "an analysis identical to that applied in Eighth Amendment cases" is applied. *Id.* (quotation omitted).

The Constitution imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotation omitted). Indeed, "[h]aving incarcerated persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Id.* (internal quotation marks and citation omitted) (alterations in original).

Of course, the mere fact that a prisoner suffered injury at the hands of another prisoner does not "translate[] into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 824. Rather, to prevail on a failure to protect claim, a plaintiff must show "that he was incarcerated under conditions posing a substantial risk of serious harm," and the defendant acted with deliberate indifference, meaning the defendant "was aware of and disregarded an excessive risk to inmate health or safety by failing to take reasonable measures to abate the risk." *Lopez v. LeMaster*, 172 F.3d 756, 760 (10th Cir. 1999) (internal quotation and citation omitted); *see also Turner,* 804 F. App'x 921, 925. And where (as here) a plaintiff seeks to hold a local governmental entity liable under § 1983, he must also show that a municipal policy or custom "was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). Deliberate indifference in the municipal liability context "may be satisfied when the [defendant] has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately

chooses to disregard the risk of harm." *Layton v. Bd. of Cnty. Comm'rs of Oklahoma Cnty.*, 512 F. App'x 861, 871 (10th Cir. 2013) (unpublished).

With those standards in mind, the Court concludes that Plaintiff has stated a plausible claim for relief. The Complaint alleges that Mr. Lane was locked in a cell with a known violent offender and housed on a floor where the staffing and supervision was so inadequate that a brutal beating was allowed go on for forty minutes before a detention officer took note, let alone did something to intervene. Taking these allegations as true and drawing all reasonable inferences in Plaintiff's favor, these facts are sufficient to show that Mr. Lane was incarcerated under conditions posing a substantial risk of serious harm. *See Pendleton v. Bd. of Cnty. Commissioners for Oklahoma Cnty.*, No. CIV-18-707-G, 2019 WL 4752269, at *6 (W.D. Okla. Sept. 30, 2019) (allegations of "inadequate staffing, insufficient monitoring of inmates, and failure to segregate or otherwise restrain inmates with known violent tendencies" was sufficient to state a failure to protect claim); *Morgan v. Bd. of Cnty. Commissioners of Oklahoma Cnty.*, No. CIV-08-1317-R, 2010 WL 11508854, at *2 (W.D. Okla. Mar. 11, 2010) (finding that pretrial detainee housed with violent offender was held under conditions that posed a substantial risk of serious harm).

The Complaint also contains adequate facts to state a claim for municipal liability against the OCCJA and to show that the OCCJA acted with deliberate indifference. Plaintiff alleges the jail has been understaffed and inadequately supervised virtually since its inception, the OCCJA was made aware of these deficiencies and the risks they pose to

inmate safety following a 2008 report by the Department of Justice,[4] and the OCCJA has not remedied these deficiencies. *See Layton*, 512 Fed. Appx. at 871 ("The failure to remedy ongoing constitutional violations may be evidence of deliberate indifference on the part of a municipality."). Plaintiff also alleges that inmate-on-inmate assaults are common at the jail and two other inmates suffered similar assaults in the month preceding Mr. Lane's death. Assuming the truth of these allegations, Plaintiff has satisfied his burden to plead facts showing that the OCCJA maintained a custom of understaffing and inadequately supervising the jail, was on notice that these deficiencies posed significant risks to inmate safety, and consciously disregarded those risks.

The OCCJA raises a number of arguments in seeking to undermine the plausibility of Plaintiff's claim, but none are persuasive. It argues the claim is deficient because there are no allegations showing that Mr. Lane complained of safety concerns or that previous threats were made. This argument misses the mark in two ways. First, it misconstrues Plaintiff's claim, which is premised on an absence of supervision in parts of the jail, not on the jail ignoring specific threats to Mr. Lane. Second, it ignores relevant case law, which provides that knowledge of specific threats or an inmate's individual risk is not necessarily required. *See Farmer*, 511 U.S. at 843 ("[I]t does not matter whether the risk comes from

---

[4] This Court has previously dismissed claims or denied summary judgment where the plaintiff relied on the DOJ report to show an unconstitutional policy or custom of the County. *See Willis v. Oklahoma Cty. Det. Ctr.*, No. 18-CV-00323-D, 2019 WL 4409219 (W.D. Okla. Sept. 13, 2019); *O'Carroll v. Oklahoma Bd. of Cty. Comm'rs*, No. CIV-10-232-D, 2012 WL 1072240 (W.D. Okla. Mar. 30, 2012). Here, however, Plaintiff does not rely solely on the DOJ report to state a claim but also makes other allegations that support his claim.

a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk."); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) ("The official's knowledge of the risk need not be knowledge of a substantial risk to a particular inmate, or knowledge of the particular manner in which injury might occur.").

The OCCJA further contends that dismissal is required because the detention officer who eventually arrived on the scene responded reasonably by calling for help. Once again, the OCCJA fails to appreciate that Plaintiff's claim is primarily premised on the OCCJA's purported custom of leaving prisoners unsupervised for extended periods. The OCCJA then argues the claim fails because the lack of supervision on Mr. Lane's floor was, at worst, the result of a mistake by a detention officer. On the contrary, the Complaint sufficiently alleges that the lack of supervision was the result of a long-standing custom at the jail – one which the OCCJA knew about and failed to remedy. The OCCJA also argues that the Complaint includes numerous statements that are "conclusory and without merit." Def.'s Br. at 6. Although some of the complained of statements can fairly be described as conclusory, most are actually factual allegations that must be assumed true at this stage. *Twombly*, 550 U.S. at 555-556.

Last, the OCCJA argues that Plaintiff's allegation identifying two previous inmate assaults is lacking in specifics. The Court does not agree with this characterization – the Complaint identifies the month and year when the attacks occurred, the names of the victims, and describes circumstances surrounding the attack that are similar to those involved here. In any event, the pleading standard does "not require heightened fact

9

pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Considering the allegations as a whole, Plaintiff has alleged a plausible claim for relief.

Accordingly, for the reasons explained above, the Special Appearance and Motion to Dismiss by Proposed Defendant Oklahoma County Criminal Justice Authority [Doc. No. 10] is DENIED.

**IT IS SO ORDERED** this 10th day of April, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge